## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. ~~#-##-cr-######~~

*18 - CR - 20403 - Williams*

UNITED STATES OF AMERICA

vs.

DERYL LEON,

      Defendant.

_____/

## PLEA AGREEMENT

1.    The United States Department of Justice, Tax Division, by and through their undersigned attorneys, and DERYL LEON (hereinafter, referred to as the "Defendant") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set for the below:

2.    The Defendant agrees to plead guilty to Count One of the Information, which charges the Defendant with conspiracy to defraud the United States in violation of Title 18, United States Code, Section 371.

3.    The Government will not bring any other criminal charges against Defendant relating to the conduct charged in the Information and/or described in the Factual Basis section of this Agreement.

### Elements of the Offense

4.    The defendant agrees that the elements of the offense are as follows:

16042670 1

      a.     there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the Internal Revenue Service by deceitful or dishonest means;

      b.     the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

      c.     one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

      5.     The defendant agrees that he is guilty of the offense to which he is pleading guilty.

**Waiver of Constitutional Rights:**

      6.     The defendant waives his right to have this matter presented to a grand jury. The defendant agrees to give up all rights that he would have if he chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

**Waiver of Appeal and Postconviction Relief**

      7.     The Defendant is aware that Title 18, United States Code, Section 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Section 3742 to

2

appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute, or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. This waiver does not apply to the Defendant's right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

8.      The defendant agrees not to file any collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that he reserves his right to claim that his counsel was ineffective or make claims of prosecutorial misconduct. He also agrees not to seek relief under 18 U.S.C. § 3582.

**Withdrawal**

9.      The defendant agrees not to ask the Court to withdraw his guilty plea at any time after it is entered. The defendant understand that by entering into this Agreement: (a) He agrees that the agreed-on stipulation of facts for his plea shall be

3

16042670.1

admissible against him under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including at trial, in the event he violates any of the terms of this Agreement, and (b) he expressly waives any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to agreed-on stipulation of facts for his plea in such subsequent proceeding.

**Maximum Statutory Penalties:**

10.    The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years, pursuant to 18 U.S.C. § 3583(b)(2).  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to two hundred and fifty thousand dollars ($250,000) or twice the gross gain or loss resulting from the offense, whichever is greater, pursuant to 18 U.S.C. § 3571(b), and the Court may order restitution and forfeiture.

11.    The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 10 of this agreement, a special assessment in the amount of one hundred dollars ($100) will be imposed on the Defendant, pursuant to 18 U.S.C. § 3013.  The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

12.    Costs.  The Court may order Defendant to pay the costs of prosecution and sentence.

13.    Violation of Supervised Release.  If Defendant violates any term or condition of probation or supervised release, such violation could result in a period of incarceration or other additional penalty as imposed by the Court.

4

16042670 1

14.    Presentence Report:  The United States Department of Justice, Tax Division (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

15.    Acceptance of Responsibility.  The United States agrees that at sentencing it will recommend that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offenses, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition, affirmative, and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

16.    The United States, however, will not be required to make this motion and this recommendation if the Defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the United States prior to

5

entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

17. **Waiver of Statute of Limitations.** Defendant waives all defenses based on the statute of limitations with respect to any prosecution that is not already time-barred by the applicable statute of limitation and any tolling agreements on the date of Defendant's signing of this Agreement and that may be commenced within one year after any of the following events: (i) Defendant refuses to plead guilty at the plea proceeding or the Court refuses to accept a guilty plea by Defendant pursuant to this Agreement; (ii) the Court permits Defendant to withdraw a guilty plea entered pursuant to this Agreement or otherwise vacates such a guilty plea due to Defendant's misconduct — including Defendant's failure to comply with the terms of this Agreement — or material misrepresentations made by Defendant; or (iii) the conviction obtained pursuant to this Agreement is vacated, overturned, or otherwise set aside due to Defendant's misconduct — including Defendant's failure to comply with the terms of this Agreement — or material misrepresentations made by Defendant.

18. To the extent Defendant's guilty plea or a conviction pursuant to this Agreement are vacated, overturned, or otherwise set aside for any other reason, including the Government's affirmative actions, or due to the United States' failure to fulfill the terms of this Agreement, Defendant's waiver of the statute of limitations under this paragraph 18 will not apply. Defendant understands the waiver of the statute of

6

limitations is effective immediately upon Defendant's signing of this Agreement and is not conditioned upon the approval of this Agreement by the Court.

19. **Cooperation**. The defendant will give complete cooperation to law enforcement authorities and others regarding his activities and those of others in relation to the offense of conviction and other matters on the following terms and conditions:

A. Defendant shall cooperate fully, truthfully, completely and forthrightly with the United States Department of Justice and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Defendant acknowledges that his cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements: and providing sworn testimony. Any refusal by Defendant to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems his assistance relevant will constitute a breach of this agreement by Defendant, and will relieve the Government of its obligations under this agreement or any other agreement between the parties whether entered before or after this agreement. Defendant agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this agreement.

B. Truthful Information and Assistance. Defendant promises to provide truthful and complete information to the Government and to other law enforcement agencies, including a full debriefing and truthful testimony at all proceedings, criminal, civil, or administrative, including, but not limited to, grand jury

7

proceedings, trials, and pretrial and post-trial proceedings, in any judicial district within the United States. Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, the defendant may not omit facts about crimes, participants, or his involvement, and then claim not to have breached the agreement because he was not specifically asked questions about those crimes, participants, or involvement. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity or a statement indicating a refusal to testify, constitutes a breach of this agreement. Defendant agrees to be available for interviews in preparation of all testimony.

C.      Substantial Assistance Determination. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government may request the court to depart downward from the applicable sentencing range. The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance. Unless expressly stated to the contrary, any such motion will be limited to a departure authorized by section 5K1.1 of the Sentencing Guidelines (which permits a departure only from the applicable guideline range); the motion will not be made pursuant to 18 U.S.C. § 3553(e) (which is the authority for departure from a statutory mandatory minimum). If the motion is made after sentencing (pursuant to Rule 35, Federal Rules of Criminal Procedure), the government will recommend the same request as stated above.  The court's failure to grant such a request, if made, is not a valid basis

8

for defendant to withdraw the guilty plea or to rescind the plea agreement. The defendant understands that the matter of sentence is reserved solely to the District Court and that the Court could impose the maximum penalty.

        D.      The Offices will notify state and local law enforcement authorities of Defendant's willingness to cooperate with such authorities on other investigations.

        E.      Use of Information Against Defendant. In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees, pursuant to the protections of U.S.S.G. § 1B1.8, not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against defendant in determining defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; or (3) in a prosecution for perjury. And there shall be no restrictions on the derivative use of information provided by Defendant in the event there is a breach of this agreement. In the event that the defendant does not plead guilty, the defendant agrees and understands that he thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by him as part of the plea discussions or as part of his cooperation with the government will be admissible against him without any limitation in any civil or criminal proceeding.

        F.      Consequences of Violating Agreement. If defendant fails to keep

9

16042670 1

any promise in this agreement (including any promise to cooperate), the government is relieved of any obligation not to prosecute defendant on other charges, including any charges dismissed as part of this plea agreement. Such charges may be brought without prior notice. In addition, if defendant breaches this agreement (including a promise to cooperate), the government may derivatively use against defendant in a criminal action any information that defendant has provided to the government. Furthermore, if the government determines after sentence is imposed under this agreement that defendant's breach of the agreement warrants further prosecution, the government will have the choice between letting the conviction(s) under this plea agreement stand or vacating such conviction(s) so that such charge(s) may be reprosecuted as well. If the government makes its determination before sentencing, it may withdraw from the plea agreement in its entirety.

20.     **Sentence**.  Pursuant to Rule 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the Defendant agrees that he is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines, and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The Defendant is further aware and

10

understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 10 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

21.     **Factual Basis**. Defendant agrees that the Statement of Facts attached hereto as Exhibit A and made a part of this Agreement, fairly and accurately summarizes Defendant's offense conduct and serves as a factual basis for his guilty plea.

22.     **Sentencing Guidelines**. The United States and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

A.     Tax Loss: That the amount of intended tax loss under Section 2T4.1 of the Sentencing Guidelines resulting from the offense committed in this case and from the Defendant's relevant conduct is more than $550,000,000, which is a Base Offense Level of 36;

B.     Sophisticated Means. The parties agree that a two point enhancement under 2T1.1(b)(2) is applicable because the offense involved sophisticated means; and

C.     No further enhancements shall apply.

11

16042670 1

23. The United States further agrees to recommend a sentence within the applicable Guidelines range and statutory maximum sentence as determined by the Court. The United States further agrees to recommend to the Court that the defendant be allowed to voluntary surrender to the Bureau of Prisons to serve his sentence.

24. The Defendant agrees not to commit or attempt to commit any crimes before sentence is imposed or before he surrenders to serve his sentence. He also agrees not to violate the terms of his pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises he has made in this Agreement. The Defendant agrees that if he fails to comply with any promises he has made in this Agreement, then the government will be released from all of its promises in this Agreement, but the Defendant will not be released from his guilty plea.

25. **Restitution.** The Defendant agrees to make a good-faith effort to pay any fine, forfeiture, or restitution he is ordered to pay. Unless the parties reach an agreement to recommend a different restitution amount be imposed, the defendant acknowledges that he can be ordered to pay full restitution for the losses caused by all the schemes or offenses with which he was charged in this case, and he understands that the amount of restitution need not be limited to the loss attributable to the count to which he is pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant understands that the Court will not consider his economic circumstances in determining the restitution amount.

26. Unless the parties reach an agreement to recommend a different restitution amount be imposed, Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the total amount of **$6,917,105**, pursuant to 18 U.S.C. § 3663(a)(3). The



12

Defendant understands and agrees that this figure does not include interest under 26

U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

27.     The Defendant understands that his restitution payments will be applied to

and cross-referenced with the business returns based upon which the fraudulent refunds

were paid, which were filed as part of his conspiracy offense. Defendant agrees that the

total amount of his restitution reflected in this agreement results from defendant's

fraudulent conduct, and represents his share of the fraudulent refunds after his paid taxes.

28.     The Defendant agrees and acknowledges that the IRS can use the amount

of restitution ordered by the Court as the basis for a civil assessment under 26 U.S.C. §

6201(a)(4), and that the assessment will be cross-referenced with the following fraudulent

business return that claimed the following fraudulent refund (unless the government

instructs Defendant differently):

> Form 8849 filed by "WRE", DLN#26401246004003, filed with the IRS
>
> on September 5, 2013 by WRE, and claiming a refund of $35,008,437.

29.     Defendant understands that his restitution payments will be applied

towards the loss caused by the filing of this return.  The Defendant agrees that he does

not have the right to challenge the amount of this restitution-based assessment.  See 26

U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the

Defendant's timely payment of restitution according to that schedule will preclude the

IRS from immediately collecting the full amount of the restitution-based assessment.

Interest on the restitution-based assessment will accrue under 26 U.S.C. §§ 6601 from the



13

last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

30.     The Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.  The Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability.  The Defendant authorizes release of information  to the IRS for purposes of making the civil tax and restitution-based assessments.

31.     The Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

32.     If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, or OBD-500, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.  Defendant also agrees to provide the above-described information to the probation office.

33.     If the Defendant makes a payment of the restitution agreed to in paragraph 26 prior to sentencing, the payment will be applied as a credit against the restitution ordered.



14

34.     The Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court for the Southern District of Florida.

35.     With each payment to the Clerk of the Court made pursuant to the Court's restitution order, the Defendant will provide the following information:

     a.  The Defendant's name and Social Security number;

     b.  The District Court docket number assigned to this case;

     c.  Specify the tax form for which restitution has been ordered as "WRE, Form 8849, for period 08/13/13 through 08/31/13, filed on 09/05/13, DLN#26401246004003;" and

     d.  A statement that the payment is being submitted pursuant to the District Court's restitution order.

36.     The Defendant agrees to include a request that the Clerk of the Court send the information, along with the Defendant's payments, to the appropriate office of the address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

37.     The Defendant understands and agrees that interest imposed by Title 26 will continue to accrue until the payment is actually received by the IRS..

38.     Forfeiture.  The Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any assets or their



16042670 1

substitutes that are subject to forfeiture pursuant to Title 18, United States Code, Section

981(a)(1)(C), Title 28, United States Code, Section 2461, and Title 21, United States

Code, Section 853, including, but not limited to, the following specific assets:

    a. Rolex 116515 or #G555019
    b. Four Isotanks:
        a. NUDU241377-5 and NUDU241755-4 located at CBSL Houston
        b. NUDU 241656-3 and NUDU 241343-5 located at Antillean Miami
    c. 1987 AMGE Hummer vehicle, VIN # 027127
    d. And a personal money judgment representing proceeds in an amount to be determined by the government prior to sentencing after the final analysis of the proceeds and Defendant's finances is complete.

39.     The Defendant further agrees to fully cooperate and assist the Government

in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear

title to the United States, including, but not limited to, execution of a consent to forfeiture

or other documents as may be needed to fully accomplish the forfeiture.

40.     The Defendant further knowingly and voluntarily waives the following

rights as to assets subject to forfeiture: (1) all constitutional, legal, and equitable defenses

to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial

or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or

claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense

under the Eighth Amendment to the United States Constitution, including any claim of

excessive fine, to the forfeiture of these assets by the United States; and (5) any right to

appeal any order of forfeiture entered by the Court pursuant to this plea agreement. The

Defendant further understands that the forfeiture of any assets shall not be treated as

16

16042670 1

satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the Defendant.

41.    The Defendant is aware that the sentence has not yet been determined by the Court.  The Defendant also is aware that any estimate of  the  probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

42.    This plea agreement is explicitly conditioned upon the approval of the Chief, Western Criminal Enforcement Section, Tax Division, U.S. Department of Justice, and is not binding until such approval is obtained.

43.    Defendant is satisfied with assistance of counsel, has discuss this case and this Agreement with his attorney, has had sufficient time and opportunity to discuss all aspects of the case in detail with his attorney.  Defendant voluntarily enters into this Agreement, and acknowledges that it cannot be modified unless in writing and subject to approval by the Court.

17

44.     This is the entire agreement and understanding between the United States and the Defendant.  There are no other agreements, promises, representations, or understandings.

DAVID A. HUBBERT
ACTING ASSISTANT ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION

Date: 6-19-19  By: _____
RICHARD M. ROLWING
LESLIE A. GOEMAAT
TRIAL ATTORNEYS

Date: 12-07-2017 By: _____
DAVID M. GARVIN
ATTORNEY FOR THE DEFENDANT

Date: 12/7/17 By: _____
DERYL LEON
DEFENDANT

18

16042670 1